NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| JOSEPH HAKIM & CATHY YACHOUH,  ) | |
| ) | |
| ) | |
| Plaintiffs,  ) | Civil Action No.: 06-6088 (JLL) |
| ) | |
| v.  ) | **O P I N I O N** |
| ) | |
| BAY SALES CORPORATION, et al.,  ) | |
| ) | |
| Defendants.  ) | |

_____)

**LINARES**, District Judge.

This matter comes before the Court on three motions: Defendants Bay Sales Corporation ("Bay Sales") and Core Brands, Incorporated's ("Core Brands") motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e); Plaintiffs' cross motion to remand, and Defendant Mirna Hamade's ("Hamade") motion to dismiss the Complaint for lack of personal jurisdiction and insufficient service of process. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Defendants' motion to dismiss is denied, Defendants' motion for a more definite statement is granted, Hamade's motion to dismiss is granted, and the Plaintiffs' motion to remand is denied.

## BACKGROUND

**A.    Procedural History**

Plaintiffs Joseph Hakim ("Hakim") and Cathy Yachouh ("Yachouh") (collectively

"Plaintiffs") filed a complaint in the Superior Court of New Jersey on November 6, 2006 alleging

violations of New Jersey state law against various defendants.[1]  (Compl. at ¶¶ 1-16).  Defendants

Bay Sales and Core Brands (collectively, the "Corporate Defendants") filed a Notice of Removal

on December 19, 2006 seeking to remove the action to this Court on the basis of diversity of

citizenship pursuant to 28 U.S.C. § 1332.  On December 22, 2006 the Corporate Defendants filed

a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the

alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  On

January 26, 2007, Plaintiffs filed a cross motion to remand pursuant to 28 U.S.C. § 1447(c).  The

parties fully briefed these motions.  On April 27, 2007, Defendant Hamade filed a motion to

dismiss the Complaint based upon lack of personal jurisdiction and upon insufficient service of

process.  The Plaintiffs never filed an opposition to this motion.[2]

**B.    Factual Background**

Since Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil

---

[1] The non-moving defendants are James Miller, Michael Resnick and Earl Weinstein.  It does not appear to the Court that these defendants were ever properly served with process. Plaintiffs notified the Court that they had difficulty serving Defendant Hamade. (Pls.' Br. Opp'n at 1).  To date, Plaintiffs have not addressed the Corporate Defendants' assertion that Resnick, Miller, and Weinstein have not been served.  Accordingly, the Court hereby orders Plaintiffs to show cause why the Court should not dismiss the Complaint as alleged against these defendants for Plaintiffs' failure to comply with Federal Rule of Civil Procedure 4(m).

[2] The Court notes that on May 4, 2007, an attorney for Plaintiffs withdrew his appearance. However, it appears from the docket that Plaintiffs still retain Anthony Russo, Esq. as counsel in this matter.

-2-

Procedure 12(b)(6), the Court shall accept as true all facts as set forth in the Complaint and related attachments.

In the Complaint, Plaintiffs state that they created a New Jersey limited liability company named United Consumer Brands, LLC ("UCB") in or around April 2004.  Plaintiffs state that the purpose of UCB was to generate sales of brand name merchandise and other products under its trade name.  (Compl. ¶ 1).  Plaintiffs allege in the Complaint that they are the majority shareholders of UCB.  (Id.).

The Complaint sets forth two counts, yet these counts appear to assert multiple causes of action against Defendants.  The first claim alleges that although Defendants agreed to participate in the UCB venture with Plaintiffs, Defendants then used UCB's trade name and its goodwill for their personal gain, in violation of the agreement.  (Id. at ¶¶ 2, 6).  Further, Plaintiffs allege that Defendants deliberately transferred business to Defendants' other entities, which adversely affected the good will of the Plaintiffs and UCB with respect to their customers.   (Id. at ¶¶ 7, 9).  Plaintiffs also allege that Defendants conspired to harm Plaintiffs' financial interests.  (Id. at ¶¶ 10, 12).  Plaintiffs seek compensatory damages and certain financial information in conjunction with this count.  (Id. at ¶¶ 12, 16).  The second count of the complaint, premised on a theory of vicarious liability, merely repeats these allegations against fictitious John Does and ABC Companies.  (Id. at 5, ¶¶ 1-4).

## DISCUSSION

### A.    Hamade's Motion to Dismiss

Defendant Hamade moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2).  Hamade argues that the Complaint must be dismissed as

alleged against her based upon insufficient service of process and due to the Court's lack of

personal jurisdiction over her.  Plaintiffs failed to oppose this motion and the Court will thus

consider it as unopposed.

> 28 U.S.C. 1448 provides that:
>
> In all cases removed from any State court to any district court of the United States
> in which any one or more of the defendants has not been served with process or in
> which the service has not been perfected prior to removal, or in which process
> served proves to be defective, such process or service may be completed or new
> process issued in the same manner as in cases originally filed in such district
> court.

Id.  This Court may not exercise its power over a party the complaint names as a defendant in the

absence of service of process, or waiver thereof.  Murphy Bros., Inc. v. Michetti Pipe Stringing,

Inc., 526 U.S. 344, 350 (1999) (citing Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., 484 U.S.

97, 104 (1987)).  Otherwise, the Court is without personal jurisdiction over that defendant.  Id.

The Corporate Defendants filed their Notice of Removal in this Court on December 19,

2006.  Hamade declares that she received a mailed copy of a summons and complaint on

February 12, 2007.  (Hamade Decl. 4/25/07 at ¶ 2).  However, the summons Plaintiffs' counsel

mailed to Hamade was issued by the Superior Court of New Jersey, *not* this Court, as required by

28 U.S.C. § 1448.  (Id.; Ex. A).  See also Wade v. Clawson, 1989 WL 138735 (D.N.J. November

17, 1989).  Further, there is no evidence in the record to indicate that Hamade ever received a

summons issued by this Court.  (Hamade Decl. 4/25/07 at ¶ 3).  In Wade, the Court dismissed a

complaint for failure to properly serve process following removal to federal court.  1989 WL

138735 at *4.  The Court found that service of a *state* court summons on the defendant following

removal, instead of a summons issued by the federal court failed to constitute proper service as

-4-

contemplated by 28 U.S.C. § 1448.  Accordingly, the Court dismissed the complaint.

This Court hereby determines that it is without personal jurisdiction over Hamade pursuant to Federal Rule of Civil Procedure 12(b)(5) since Plaintiffs have failed to properly serve Hamade with service of process.  Once Defendants filed the Notice of Removal in this Court, Plaintiffs were required to serve a summons on Hamade issued by this Court, not the New Jersey Superior Court.  Failure to do so results in the absence of jurisdiction over Hamade pursuant to 28 U.S.C. § 1448.  Accordingly, Hamade's motion to dismiss is granted and the Complaint is dismissed as alleged against this defendant.[3]

**B.  Plaintiffs' Motion to Remand**

Plaintiffs move to remand this action to New Jersey state court pursuant to 28 U.S.C. § 1447(c).  In support of this motion, Plaintiffs' sole argument is that the Corporate Defendants are unable to establish diversity of citizenship, and the Court is thus without subject matter jurisdiction. Specifically, Plaintiffs assert that Hamade is a citizen of New Jersey which destroys diversity since both Plaintiffs are also New Jersey citizens.  Since the Court has previously dismissed Hamade as a defendant in this case pursuant to Fed. R. Civ. P. 12(b)(5), Plaintiffs' motion is denied as moot since the Plaintiffs do not contest the citizenship of any other party to the action and diversity is complete.

**C.  Corporate Defendants' Motion to Dismiss**

The Corporate Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

---

[3]The Court declines to engage in a minimum contacts analysis since that portion of Hamade's motion is now moot.

The Corporate Defendants argue that Plaintiffs do not possess standing since they are members of a limited liability company and the claims set forth in the Complaint are non-derivative in nature.  Thus, the Corporate Defendants argue that the company itself, UCB, must institute the action on behalf of itself.  These Defendants also assert that the Complaint sets forth vague causes of action which require a more definite statement from the Plaintiffs.  Plaintiffs filed opposition to this motion, seeking to have the matter remanded to New Jersey state court and in the alternative, seeking leave to amend the Complaint to add UCB as a party to the action.  The Corporate Defendants oppose amendment of the Complaint on the grounds that the amendment is futile.

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[4]  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).   However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir.1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp.2d 551, 565 (D.N.J. 2001).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

---

[4] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record.  See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1959 (2007).[5]  Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims.  Scheuer, 416 U.S. at 236.

Federal Rule of Civil Procedure 12(e) permits a defendant to make a motion for a more definite statement "[i]f a pleading . . . is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Id.  Such a motion "shall point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e).  "Motions for a more definite statement are disfavored, and are generally limited to remedying unintelligible, rather than insufficiently detailed, pleadings."  Briley v. City of Trenton, 164 F.R.D. 26, *30 (D.N.J. October 6, 1995) (citing Resolution Trust Corp. v. Gershman, 829 F.Supp. 1095, 1103 (E.D.Mo. 1993)); see also Myers v. MedQuist, Inc., 2006 WL 3751210, *7 (D.N.J. December 20, 2006).

Taking the allegations set forth in the Complaint as true, the facts are as follows:

(1) Plaintiffs formed a limited liability company in New Jersey, named UCB in April, 2004.  (Compl. ¶ 2).

(2) Plaintiffs held the majority interest in UCB, but executed an Operating Agreement with themselves and Hamade.  (Id.).

---

[5] In so holding, the United States Supreme Court rejected the language previously used by the Court in Conley v. Gibson, providing that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957).  See Bell Atl. Corp., 127 S.Ct. at 1964, 1974 (holding that the Conley "no set of facts" language "has earned its retirement" and "is best forgotten.").

(3) Defendants agreed to "join forces with the Plaintiffs in this enterprise," "agreed to market products on behalf of UCB for sales in the United States and overseas," and "[agreed to] be a part of the sales organization for [UCB]."  (Id. at ¶ 3).

(4) Plaintiffs transferred documents to the Defendants for their review with respect to "subsequent agreements between the parties."  (Id. at ¶ 5).

(5) Beginning in May, 2004, Defendants misappropriated funds from UCB by using its trade name and good will and funnelled "funds, profits and monies to Defendant corporation or others without authority from the Plaintiffs or UCB."  Plaintiffs contend that these actions violated "their agreement with the Plaintiff."  (Id. at ¶ 6).

(6) Defendants used UCB business documents to transfer business to themselves and divert business and profits from UCB and the Plaintiffs.  (Id. at ¶ 7).

(7) Defendants "fraudulently misappropriated" and "defrauded" UCB and Plaintiffs of profits.  (Id. at ¶¶ 8-10).

(8) Defendants acted as "minority shareholders and/or officers and directors of UCB" and "wrongfully and fraudulently used their fiduciary position as such to utilize corporate asserts and facilities for their own personal gain and their own private gain and selfish purposes, to make and enjoy clandestine profits, and to acquire interest at the expense and to the detriment of UCB and Plaintiffs."  (Id. at ¶ 11).

From the face of the Complaint, it appears that Plaintiffs are variously asserting causes of action for breach of contract, fraud, misappropriation, conversion, and breach of fiduciary duty against all Defendants.  The language of the Complaint appears to allege both derivative and non-derivative causes of action on behalf of UCB.  Plaintiffs allege that certain Defendants acted as officers and/or directors of UCB, a fact which if proven, may establish a basis for fiduciary duty liability.  (Compl. ¶ 10).  But Plaintiffs also allege that they have suffered personal financial harms that do not appear to have also been incurred by UCB.  (Compl. ¶ 7).

The Corporate Defendants seek a more definite statement of the Complaint since "it is not clear what causes of action Plaintiffs are endeavoring to state, what facts they have to support any cause or causes of action, or the identity of the Defendants that they believe are responsible for

any misconduct." (Def. Br. at 5). The Corporate Defendants assert that the Complaint is too vague to allow them "to identify discrete waivable defenses" and thus they "cannot reasonably be required to answer the Complaint without being prejudiced." (Id. at 7). The Court hereby grants the Corporate Defendants' motion for a more definite statement. The Court determines that as written, the Complaint is too vague for the Corporate Defendants to file an answer without exposing themselves to possible prejudice. Plaintiffs have set forth contradictory factual allegations, legal theories, and causes of action unsupported by attendant factual allegations.[6] Although courts typically disfavor motions for a more definite statement, the Court finds that the Corporate Defendants are faced here with a largely unintelligible and nonsensical Complaint that precludes them from identifying and raising their non-waivable defenses in their Answer.

Accordingly, the Court shall grant the Corporate Defendants' motion for a more definite statement, deny the Corporate Defendants' motion to dismiss as moot and deny the Plaintiffs' request to amend the Complaint as moot.[7] Plaintiffs shall file a more definite statement of the Complaint and shall clarify the factual allegations of the Complaint pertaining to: (1) the members of UCB; (2) any directors and/or officers of UCB at the time all causes of action arose; and (3) the actions of specific Defendants and identify those Defendants by name in conjunction with each cause of action. Plaintiffs shall file same within twenty (20) days of this Opinion and

[6]For instance, Plaintiffs allege that they alone formed UCB (Compl. ¶ 1), yet later allege that Defendants acted "as minority shareholders and/or officers and directors of UCB." (Compl. ¶ 11).

[7]The Court denies the Plaintiffs' request to amend the Complaint as moot since the Court finds the Amended Complaint insufficient to address the concerns of the Court concerning the ambiguities associated with the factual allegations and causes of actions set forth by the Plaintiffs.

-9-

the accompanying Order.

## **CONCLUSION**

For the reasons set forth above, Hamade's motion to dismiss is granted, the Plaintiffs'

cross motion to remand is denied as moot, the Corporate Defendants' motion for a more definite

statement is granted, the Corporate Defendants motion to dismiss is denied as moot, and the

Plaintiffs' request to amend the Complaint is denied as moot.


DATED: September 17, 2007                          _/s/ Jose L. Linares_____
                                                   United States District Judge

-10-